IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLAIR WYNKOOP,                                    3:13-MC-00278-BR

        Plaintiff,                          OPINION AND ORDER

v.

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT,

        Defendant.


**BLAIR WYNKOOP**
P.O. Box 8792
Portland, OR 97207

        Plaintiff, *Pro Se*

**S. AMANDA MARSHALL**
United States Attorney
**NEIL J. EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#1) for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978.  For the reasons that follow, the Court **DENIES** Plaintiff's Motion and **DISMISSES** this matter.


## BACKGROUND

On August 13, 2013, Plaintiff Blair Wynkoop filed a Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 in which he seeks an order "preventing the [United States Office of Personnel Management (OMP)] from obtaining access to [his] financial records" held by Valley National Bank.  Plaintiff filed a Sworn Statement in support of his Motion in which he states:

> The financial records sought by Office of
> Inspector General are not relevant to the
> legitimate law enforcement inquiry stated in the
> Customer Notice that was sent to [him] because
> failure [*sic*] to communicate sufficient cause, or
> should not be disclosed because there has not been
> substantial compliance with the Right to Financial
> Privacy Act of 1978 in that failure to show cause.
> They should not be disclosed on the following
> other legal basis:  failure to show sufficient
> cause.

On September 20, 2013, Defendant OMP filed a Response to Plaintiff's Motion in which it asserts there is good cause for Defendant to obtain the records held by Valley National Bank in

2 - OPINION AND ORDER

Plaintiff's name.  Defendant also filed the Declaration of
Christopher Sulhoff in support of its Response.  In his
Declaration Sulhoff states, among other things, that on July 9,
2013, Defendant issued an administrative subpoena to Valley
National Bank seeking Plaintiff's financial records.  Decl. of
Christopher Suloff at ¶ 16.  Sulhoff also states Defendant mailed
Plaintiff a Notice pursuant to § 3405 of the Right to Financial
Privacy Act (RFPA) on July 9, 2013, in which Defendant advised
Plaintiff that it was seeking his financial records held by
Valley National.  Sulhoff Decl. at ¶17.

Plaintiff did not file a Reply to Defendant's Motion and the
Court took this matter under advisement on October 10, 2013.


## STANDARDS

"Whenever it appears by suggestion of the parties or
otherwise that the court lacks jurisdiction of the subject
matter, the court shall dismiss the action."  Fed. R. Civ. P.
12(h)(3).  A court may dismiss *sua sponte* matters over which it
does not have jurisdiction.  *O'Neal v. Price*, 531 F.3d 1146, 1154
(9th Cir. 2008).

Federal courts are courts of limited jurisdiction and are
not empowered to hear every dispute presented by litigants.  *See
A-Z Intern. v. Phillips,* 323 F.3d 1141, 1145 (9th Cir. 2003)("It
is fundamental to our system of government that a court of the

3 - OPINION AND ORDER

United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction.  A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")(quotations omitted)).  A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress.  *United States v. Ceja-Prado*, 333 F.3d 1046, 1049-50 (9th Cir. 2003).  *See also Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir. 1991)(same).

### DISCUSSION

The RFPA provides in pertinent part:

> [N]o Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution unless the financial records are reasonably described and--
>
> * * *
>
> (2) such financial records are disclosed in response to an administrative subpena [*sic*][1] or summons which meets the requirements of section 3405 of this title.

12 U.S.C. § 3402(2).

Section 3405 of the RFPA provides in pertinent part:

> A Government authority may obtain financial records under section 3402(2) of this title

---

[1] Subpoena is misspelled throughout this statute.

4 - OPINION AND ORDER

pursuant to an administrative subpena or summons
otherwise authorized by law only if--

(1) there is reason to believe that the records
sought are relevant to a legitimate law
enforcement inquiry;

(2) a copy of the subpena or summons has been
served upon the customer or mailed to his last
known address on or before the date on which the
subpena or summons was served on the financial
institution together with the following notice
which shall state with reasonable specificity the
nature of the law enforcement inquiry:

"Records or information concerning your
transactions held by the financial institution
named in the attached subpena or summons are being
sought by this (agency or department) in
accordance with the Right to Financial Privacy Act
of 1978 [12 U.S.C.A. § 3401, *et seq.*] for the
following purpose: If you desire that such records
or information not be made available, you must:

"1. Fill out the accompanying motion paper and
sworn statement or write one of your own, stating
that you are the customer whose records are being
requested by the Government and either giving the
reasons you believe that the records are not
relevant to the legitimate law enforcement inquiry
stated in this notice or any other legal basis for
objecting to the release of the records.

"2. File the motion and statement by mailing or
delivering them to the clerk of any one of the
following United States district courts:"

                    * * *

(3) ten days have expired from the date of service
of the notice or fourteen days have expired from
the date of mailing the notice to the customer and
within such time period the customer has not filed
a sworn statement and motion to quash in an
appropriate court, or the customer challenge
provisions of section 3410 of this title have been
complied with.

5 - OPINION AND ORDER

Finally § 3410(a) of the RFPA provides in pertinent part:

> Within ten days of service or within fourteen days
> of mailing of a subpena, summons, or formal
> written request, a customer may file a motion to
> quash an administrative summons or judicial
> subpena, or an application to enjoin a Government
> authority from obtaining financial records
> pursuant to a formal written request, with copies
> served upon the Government authority. . . .  A
> motion to quash an administrative summons or an
> application to enjoin a Government authority from
> obtaining records pursuant to a formal written
> request shall be filed in the appropriate United
> States district court.  Such motion or application
> shall contain an affidavit or sworn statement-
>
> (1) stating that the applicant is a customer of
> the financial institution from which financial
> records pertaining to him have been sought; and
>
> (2) stating the applicant's reasons for believing
> that the financial records sought are not relevant
> to the legitimate law enforcement inquiry stated
> by the Government authority in its notice, or that
> there has not been substantial compliance with the
> provisions of this chapter.

Courts that have addressed the issue have concluded timely
filing of a motion to quash or an application to enjoin a
government authority from obtaining financial records pursuant to
§ 3410 is a prerequisite to the court's jurisdiction to address
requests to prevent government authorities from obtaining an
applicant's financial records.  *See, e.g.*, *York v. Social Sec.
Admin. Office of the Inspector Gen.*, No. CV 10-9435 PSG (Ssx),
2011 WL 282339, at *1 (C.D. Cal. Jan. 25, 2011)("Because a timely
filing [pursuant to § 3410] is a prerequisite to the Court's
jurisdiction over this matter, absent a showing that Petitioner's

motion complied with the filing requirements, the Court must
dismiss the motion for lack of subject matter jurisdiction.");
*Swann v. Sec'y, U.S. Dep't of Hous. and Urban Dev.*, No. 05-492
ESH/JMF, 2006 WL 148738, at *1 (D.D.C. Jan. 19, 2006)("As a
threshold matter, this court does not have subject matter
jurisdiction because Swann's motion [to quash administrative
subpoena duces tecum pursuant to 12 U.S.C § 3410(a) of the RFPA]
is untimely."); *Siegfried v. Inspector Gen. of U.S. Dep't of
Agric.*, 163 F. Supp. 2d 170 (E.D.N.Y. 2001)(dismissing a bank
customer's motion to challenge a subpoena duces tecum issued by
the United States Department of Agriculture pursuant to the RFPA
because the motion was not filed until after the 14-day deadline
expired); *Mackey v. United States Sec. and Exch. Comm'n*,
No. 3:96mc407 (AHN), 1997 WL 114801, at *1 (D. Conn. Feb. 21,
1997)("[I]f a motion to quash is not timely filed . . . a
district court does not have subject matter jurisdiction to hear
the challenge.").

Plaintiff did not submit a copy of Defendant's subpoena to
Valley National Bank or Defendant's Notice to Plaintiff about the
subpoena.  Defendant, however, submitted a copy of its subpoena
as well as the Notice to Plaintiff with accompanying documents.
As noted, Sulhoff states in his Declaration that on July 9, 2013,
Defendant issued an administrative subpoena to Valley National
Bank seeking Plaintiff's financial records.  Decl. of Christopher

Suloff at ¶ 16.  Sulhoff also states Defendant mailed Plaintiff a Notice on July 9, 2013, in which it advised Plaintiff that it was seeking his financial records held by Valley National Bank in compliance with § 3405 of the RFPA.  Sulhoff Decl. at ¶17.  The Court has reviewed the Notice provided by Defendant and finds it contains all of the information required by § 3405 that must be provided to an individual whose financial records are being subpoenaed.

As noted, Plaintiff did not file his Motion seeking to prevent Defendant from obtaining his financial records held by Valley National Bank until August 13, 2013, which is more than 14 days after Defendant issued the subpoena to Valley National Bank and mailed Plaintiff the Notice.  Plaintiff, therefore, failed to timely challenge Defendant's subpoena under § 3410.

In addition, the subpoena reflects the records sought from Valley National Bank are located at the bank's location in Wayne, New Jersey; the OMP and Special Agent Sulhoff are located in Washington, D.C.; and Plaintiff was advised to file any motion challenging the subpoena in the United States District Courts for the District of Columbia or the Southern District of New York. The record does not reflect Defendant, the records sought by Defendant, or the organization from which the records are sought have any connection to Oregon or to this Court.

Accordingly, the Court concludes on this record that it

8 - OPINION AND ORDER

lacks jurisdiction.  The Court, therefore, denies Plaintiff's Motion and dismisses this matter.

Because Plaintiff is proceeding *pro se*, Plaintiff may file an amended motion and include a declaration or sworn statement in support thereof to cure the deficiencies as noted above **no later than November 20, 2013.**  The Court advises Plaintiff that failure to file an amended motion and sworn statement by November 20, 2013, shall result in the final dismissal of this proceeding with prejudice.

<u>**CONCLUSION**</u>

For these reasons, the Court **DENIES** Plaintiff's Motion (#1) for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 and **DISMISSES** this matter.

Plaintiff may file an amended motion and include a declaration or sworn statement in support thereof to cure the deficiencies noted above **no later than November 20, 2013.**  The Court advises Plaintiff that failure to file an amended motion and sworn statement that curies the deficiencies by November 20, 2013, shall result in the final dismissal of this proceeding with

prejudice.

IT IS SO ORDERED.

DATED this 29th day of October, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER